## FIREMAN'S FUND INS. CO. v. COX.

No. 8246—Opinion Filed Oct. 8, 1918.

(175 Pac. 493.)

(Syllabus.)

**1. Insurance — Fire Insurance — Insurable Interest—Waiver.**

One cannot insure property if he has no insurable interest in it, and insurance taken in good faith on property belonging to another is void, even though the company, had full knowledge of the facts of ownership; the doctrine of waiver cannot apply.

**2. Same—Validity of Policy.**

If, when a policy of insurance is issued. the person whom it purports to insure against loss has previously sold and delivered the property insured, the policy is void in his hands. and his assignment thereof to the owner of the property transferred nothing.

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Amanda Cox against the Fireman's Fund Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Scothorn, Caldwell & McRill, for plaintiff in error.

Merwine & Newhouse, for defendant in error.

KANE, J. This was an action upon a fire insurance policy, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court. Upon trial to the jury there was a verdict for the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The property involved consisted of hotel furniture situated in a hotel building owned by one John E. F. Grissom. It seems that at one time Grissom was the owner of both the furniture and the building, and that he had the same insured against fire: the same policy covering both risks, but providing for the payment of separate sums in case of loss. The building was insured for $1,500, and the furniture for $500. The petition of the plaintiff alleged the issuance of the policy as above stated, the performance of the conditions thereof by Grissom, and the sale of the furniture, and the due assignment of the policy to the plaintiff. The answer of the defendant, which was in three paragraphs. admitted the corporate existence of the defendant, that it was duly authorized to do a general fire insurance business throughout the state of Oklahoma, and the issuance of the fire insurance policy to Grissom. It specially denied that said insurance policy was ever, in whole or in part, assigned to the plaintiff, and, further alleged that said policy was void because of the breach of the following provision thereof:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants, without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise."

No reply seems to have been filed by the plaintiff, but obviously the issues presented for trial were: (1). Whether Mr. Grissom had an insurable interest in the furniture at the time the policy sued upon was issued; and (2) whether the "change of title" clause of the policy had been waived by the company. Upon trial to a jury there was a verdict for the plaintiff, to reverse which this proceeding in error was commenced.

Counsel for the defendant in their brief present their grounds for reversal under numerous assignments of error. but in view of the conclusion we have reached it will

only be necessary to consider the first assignment, which reads as follows:

"The trial court erred in overruling the plaintiff in error's demurrer to the defendant in error's evidence."

Under this assignment of error counsel for defendant contend that, inasmuch as the evidence conclusively shows that several months prior to the issuance of the policy sued upon Grissom had sold and delivered the furniture to another, he had no insurable interest therein at the date of the policy, and therefore the doctrine of waiver cannot apply. This contention must be sustained. The evidence adduced at the trial conclusively shows that the policy sued upon was issued to Grissom on the 19th day of December, 1913; that Grissom sold the furniture described therein several months previously to one Fisher; that the latter sold to one Gaither, who in turn sold to the plaintiff herein on December 8, 1913, or 11 days before the policy was issued to Grissom; that on the 3d day of January, 1914, Grissom had the policy covering the furniture assigned and transferred to this plaintiff; that at the time of this assignment Grissom was not aware that the policy had been taken out after he had disposed of the property, and he therefore did not apprise the company of the assignment and transfer of the property from him to Fisher; that the plaintiff had no communication whatever with the company or its agent until after the fire. It is elementary law that one cannot insure property if he has no insurable interest in it, and that insurance taken in good faith on goods belonging to another is void, even though the company had full knowledge of the facts of ownership and that the doctrine of waiver has no application to such cases—this for the reason that:

"The agent cannot do for the company by waiver what the company is powerless by express contract to do for itself; he cannot by waiver invest the insured with an interest he does not own." Agricultural Ins. Co. v. Montague, 38 Mich. 548, 31 Am. Rep. 326.

Grissom having no insurable interest in the furniture, it seems quite clear that the plaintiff, as his assignee, acquired no rights under the policy. The rule is well settled that:

"If, when a policy of insurance is issued, the person whom it purports to insure against loss has previously conveyed his interest in the property insured, the policy is void in his hands, and an assignment on the policy, at the time it is issued, of all his interest in the policy to the grantee, assented to by the insurance company, does not create a new and independent contract of insurance between the company and the grantee, and parol evidence is inadmissible to show that all the facts were communicated to the agent of the company, and that the assignment was drawn by the agent to make it, as he said, all right." McCluskey v. Providence Washington Insurance Co., 126 Mass. 306.

The latest case to this effect called to our attention is Mowles v. Boston Insurance Co., 226 Mass. 426, 115 N. E. 666, wherein it was held:

"A policy to one who had previously disposed of his interest in an automobile was void, and its assignment to the owner of the machine transferred nothing."

These cases seem to be directly in point here. The policy issued to Grissom after he had parted with his insurable interest in the furniture was void under the fundamental principle of insurance, which requires that a person shall have an insurable interest before he can insure, and as the policy to Grissom was void the assignment thereof to the plaintiff transferred nothing.

For the reason stated, the judgment of the court below is reversed, and the case remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.