## CENTRAL STATES LIFE INS. CO. OF ST. LOUIS, MO., v. JOHNSON, Gdn.

No. 27150. Nov. 9, 1937.

Rehearing Denied Dec. 7, 1937.

Hatcher & Hatcher and Billings & Sparks, for plaintiff in error.

Charles R. Alexander and Lynn Adams, for defendant in error.

GIBSON, J. This action was commenced in the district court of Woodward county by Edith L. Johnson, as guardian of Joe E. Johnson, an incompetent, against Central States Life Insurance Company to recover certain benefits alleged to have accrued under the permanent and total disability clause of a policy of life insurance. Verdict and judgment were for plaintiff below, and defendant has appealed. The parties are here referred to as they appeared at the trial.

The policy in question was issued by defendant to the said Joe E. Johnson on November 14, 1931, and the first year premium thereon paid. Including the stipulated 31 days of grace, the policy would lapse at the end of December 15, 1932, if default in the payment of premium occurred. On December 14, 1932, defendant received through the mail at its home office in St. Louis, Mo., a check from the insured drawn on the First National Bank of Ada, Okla., in payment of the first quarterly premium of the second year. Defendant credited the insured's account and, in due course, transmitted the check through its bank in St. Louis for collection. The Ada bank promptly refused payment, stamped upon the check "insufficient funds," returned the same to the St. Louis bank, where it was charged to defendant's account.

The parties prosecute and defend this action upon the theory that a life insurance company may by its actions be held to have accepted in lieu of cash a bad check in payment of an insurance premium, and that the question of such acceptance is one for the jury to determine from the facts and circumstances as shown by the evidence.

The paramount question here raised by the assignments of error is whether there was sufficient evidence of such acceptance to go to the jury.

If there was sufficient evidence to go to the jury, it must be found in the following statement:

Defendant received the check on the day next preceding the date of the expiration of the grace period, credited the insured's account therewith and immediately transmitted the same through the usual channels for collection. After payment was refused and the check returned by the Ada bank, defendant notified the insured by letter that his policy had lapsed for nonpayment of premium, that the credit had been reversed on their books and that the receipt formerly mailed to him was null and void. This letter also advised the insured that he was privileged to seek reinstatement of the policy by complying with certain conditions.

The insured's application for reinstatement was refused by letter of December 31, 1932, wherein defendant wrote:

"We acknowledge receipt of your application for reinstatement and Postal Money Order for $12.32 tendered in payment of your personal check for a like amount which had been accepted in payment of a quarterly annual premium and subsequently returned by your bank unpaid on account of insufficient funds. * * *

"We are herewith returning unused the Postal Money Order above referred to, in view of the fact that we are compelled to reject your application for reinstatement of the policy as it is written. * * *

"Your policy at present stands lapsed through default in payment of the premium due November 14, 1932, on account of the nonpayment of your personal check and the receipt which we previously mailed you has, in accordance with its terms, been rendered null and void in view of the nonpayment of your personal check."

The insured suffered permanent total disability on January 29, 1933.

We are aware of no decisions of this court holding that the mere receipt of a check, crediting the insured's account therewith, and an attempt by the insurer in due course to cash the same, constituted unconditional acceptance thereof as payment of a life insurance premium. And we know of no reason why we should now promulgate such a doctrine. The rule with reference to the payment of an ordinary obligation is stated in Mutual Life Ins. Co. v. Chattanooga Savings Bank, 47 Okla. 748, 150 P. 190, as follows:

"In the absence of an express agreement to the contrary, the acceptance of a check or draft in payment of a debt is conditional, depending upon the honor of the check or draft when presented, and in case of dishonor, an action may be maintained upon the original debt."

And in the same decision we held in the following words that an insurance premium does not constitute a debt:

"The annual premium stipulated for in a life insurance policy to be paid by the assured is not a 'debt,' and the strict rule governing the payment of debts by check or draft does not control the payment of such premium."

But certainly there is an obligation to pay the stipulated premium at the time and in the manner agreed upon if the insured is to receive the protection of the policy. Such provisions are valid and enforceable unless the insurer by its acts waives the same or is estopped to demand their strict fulfillment. Great Southern Life Ins. Co. v. Brooks, 166 Okla. 123, 26 P. (2d) 430. The insurer may ordinarily demand cash in payment of a life premium and, in the absence of a contrary intention on the part of the insurer, a personal check does not operate as payment. Id.

Although the provision in a life policy for the payment of premium is not, in the strict sense, a debt, if the insured is to receive protection under the insurance contract, the insurer is not deprived of the right to consider a check given in payment of that protection as a conditional payment only, depending upon payment on due presentation. A check is never presumed to constitute payment of any obligation. The presumption is that it is accepted only conditionally upon its due payment. See 48 C. J. 703. The burden is upon the one charging unconditional acceptance to show such acceptance. For the apparent purpose of avoiding undue hardships arising from the forfeiture of a policy, the courts have not required proof of an express agreement, as in case of debt, to accept unconditionally a check in payment of premium, but have held that the insured or his beneficiary may prove acts, other than an express agreement, on the part of the insurer showing unconditional acceptance.

The defendant's evidence shows that on receipt of the check it mailed to the insured a receipt wherein the acceptance of the check was made conditional upon due payment thereof. Had it been admitted that this receipt was delivered to the insured, the facts here would have been very similar to the facts in the case of Great Southern Life Ins. Co. v. Brooks, supra. There it was held that the trial court erred in not instructing a verdict for the defendant.

The question of the conditional receipt is of no material consequence in cases of this character unless the plaintiff has produced evidence to establish his case sufficient for the jury's consideration. If plaintiff produces such evidence, and the issuance and delivery of the receipt is disputed, then there arises a question for the jury's determination. Its decision on such conflicting evidence would be binding on this court. But the plaintiff must produce evidence of the defendant's intention to accept the check unconditionally. That burden was upon her. There is no presumption favoring her contention. There is no burden upon defendant to show its real intention unless she first establish her case. According to the clear holding in the Brooks Case, above, an insurer may accept a personal check in payment of a life insurance premium, but such acceptance is conditional, in the absence of a contrary intention, upon due payment of the check. We hold that the presumption of conditional acceptance favors the insurer and that the burden is upon the insured or his beneficiary to prove a contrary intention on the part of the insurer.

The acts of the insurer in accepting a check and attempting to cash the same in due course are insufficient evidence of an un-

conditional acceptance thereof in payment of a life premium. Such evidence is too conjectural to be submitted to a jury.

The cases of Mutual Life Ins. Co. v. Chattanooga Savings Bank, supra, and Kansas City Life Ins. Co. v. Hislip, 154 Okla. 42, 6 P. (2d) 678, cited by plaintiff, are distinguished from our holding here in that the insured was requested in the former case to remit by check or draft, and in the latter case payment was made by note and accepted by the insurer. Here no check was requested, and there is no note involved.

Neither is our holding here in conflict with the decisions cited by plaintiff from other jurisdictions. It was held in Martin v. New York Life Ins. Co. (N. M.) 234 P. 673, that "where the insurer receives the personal check of the insured, tendered in payment of a premium due upon a policy, and the insurer issues and delivers its official receipt acknowledging payment, the burden rests upon it to show that such check was not received as payment, but for collection." There, however, the receipt was unconditional. Here there was either no receipt issued or, if issued, the same was conditional. We see no conflict between that holding and our present one. The question of the shifting of the burden of proof is not present here. The court also held in that case that "the mere sending of a worthless check of the insured to the insurer, with which to pay such a premium, in the absence of any fact or circumstance indicating it is received by the insurer as payment, does not constitute a waiver of the right of forfeiture for nonpayment of such premium."

That holding harmonizes the decision with our own. And we have here said that the receipt of the check, the crediting thereof to the insured's account, and an attempt in due course to cash the same do not constitute facts and circumstances sufficient to show an unconditional acceptance of the check as payment of the premium, and that a submission of such question to the jury on that state of facts alone constituted error.

There is some evidence that the insured had sufficient funds in the Ada bank to pay the check, and that said bank erroneously refused payment. We say, however, that this fact does not help the plaintiff's case. The check was returned unpaid and the premium was then past due, and no loss had occurred under the policy as yet. The policy was then subject to forfeiture for nonpayment of premium.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur. DAVISON, J., not participating. RILEY, J., absent.