## VALLEY LOAN SERVICE v. NEAL.

No. 34230.    Sept. 18, 1951.

*235 P. 2d 932.*

Washington & Thompson, Oklahoma City, for plaintiff in error.

Caldwell, Warren & Caldwell, Oklahoma City, for defendant in error.

GIBSON, J. The parties are in the same position here as in the court below, and will be referred to in that order.

Plaintiff alleges that on January 15, 1948, one R. N. Sheffler obtained a loan from plaintiff in the sum of $1,700 and executed a note and chattel mortgage on a Chevrolet car; that thereafter notice of the chattel mortgage lien was filed in the office of the Motor Vehicle Department of California as required by the statutes of that state, and certain sections of the California statutes relating to the filing and registration of chattel mortgages and the transfer of title are set forth. It is further alleged that Sheffler had made default; that he delivered possession of the car to defendant and that plaintiff has a special ownership therein and is entitled to immediate possession.

At the time that the business transactions were had the interested parties were residents of California.

In its brief plaintiff submits its case on a single proposition, as follows:

"The registration requirements of Vehicle Code do not taint with illegality sale and purchase of automobile without compliance therewith but deal solely with registration of ownership and give notice of transfer after consummation of purchase."

Three dates become important in the consideration of this case.

On January 14, 1948, defendant sold the Chevrolet car to R. N. Sheffler for $2,000 and delivered the car, keys and certificate of ownership and a certificate of registration, both executed by defendant as owner. He received from Sheffler a check for the amount of the purchase price.

On January 15, 1948, Sheffler obtained a loan from plaintiff in the sum of $1,700 giving as security a chattel mortgage on the car. On the same day defendant presented his check for $2,000 to the drawee bank and payment was refused because of insufficient funds.

On January 16th defendant again presented the check and payment was again refused. Defendant went to Sheffler's home and talked to the latter's wife, telling her the check was not good. That evening Sheffler drove the car to defendant's home and turned it over to defendant. When defendant asked for the certificates pertaining to the title he was advised by Sheffler that the papers had been sent to the Motor

Vehicle Department to obtain the 1948 license tags. No such certificate having been delivered by Sheffler, he did under date of February 27, 1948, mail to defendant a certificate on a California form known as "In lieu of pink", reciting that he held himself responsible to furnish to defendant a legal ownership certificate not later than April 28, 1948.

Defendant, a former resident of Oklahoma, returned to this state about February 1, 1948, and this action was commenced by plaintiff May 22, 1948.

Under his testimony defendant at no time had any contact with plaintiff prior to the commencement of this action, and he had no knowledge of the chattel mortgage having been given prior to the receipt of a letter from the California Department of Motor Vehicles dated February 16, 1948.

It was stipulated that plaintiff's application for transfer of title and the chattel mortgage for recordation did not reach the Department of Motor Vehicles until January 29, 1948, which was 13 days after delivery of the car to defendant by Sheffler.

Among other sections of the statute plaintiff pleaded sec. 195, C. 3, Division III of the Vehicle Code of California, which reads in part as follows:

"No chattel mortgage on any vehicle registered hereunder irrespective of whether such registration was effected prior or subsequent to the execution of such mortgage, is valid as against creditors or subsequent purchasers or encumbrancers until the mortgagee or his successor or assignee has deposited with the department, at its office in Sacramento, a copy of said mortgage with an attached certificate of a notary public stating that the same is a true and correct copy of the original, accompanied by a properly endorsed certificate of ownership to the vehicle described in said mortgage . . ."

Section 196 of the same chapter was pleaded by plaintiff as follows:

"When the chattel mortgagee, his successor or assignee, has deposited with the department a copy of the chattel mortgage as provided in Section 195 hereof, such deposit constitutes constructive notice of said mortgage and its contents to creditors and subsequent purchasers and encumbrancers but such mortgaged vehicle shall be subject to a lien as provided in Division VIII hereof."

Division VIII refers to offenses against Registration Laws and has no application to the case at bar. From the above statutes it is apparent that there was no constructive notice binding upon defendant, when the car was returned to him in payment of the purchase price debt of Sheffler, 13 days prior to the registration.

From the petition filed and the evidence offered it is apparent that plaintiff began this action under the theory that defendant had sold the car to Sheffler with full knowledge that the buyer was to finance the sale by placing a mortgage on the car. Sheffler in his deposition so testified, and that the arrangement was satisfactory to defendant and that he later told defendant that a mortgage had been given to plaintiff. Defendant denied all such conversations, and claimed that he knew nothing of the chattel mortgage having been given, when the car was returned to him.

The acceptance of the check for the purchase price money, by the defendant, was tentative only and conditional that it would be honored upon presentation. The title to the automobile did not pass to Sheffler upon his giving of a false or bogus check. The right of possession by plaintiff can rise no higher than that of its mortgagor. Gray Bros. v. Otto, 178 Iowa 854, 160 N. W. 293.

Under the weight of the evidence this was a cash sale. Defendant parted with his automobile and accepted the check of a stranger only on condition that the check be paid. "Where the sale is for cash on delivery, a delivery is generally considered conditional, and no title vests in the buyer until he has

complied with the terms of the sale." 24 R. C. L. p. 23, §284, citing Blackwood v. Cutting Packing Co., 76 Cal. 212, 18 P. 248.

Defendant having no actual notice of the chattel mortgage had the right to repossess his car prior to the taking effect of constructive notice. He took possession under a mutual rescission of the contract of sale.

In a sale of goods where buyer gives the seller a check that is dishonored when presented for payment, the buyer does not acquire title. It remains in the seller. First State Bank of Brandon v. Kohl, 79 Colo. 620, 247 P. 571.

". . . an attaching creditor, seeking to subject the property of a debtor to the payment of his debt, obtains a lien only upon the title or interest which the debtor has, and where no actual interest is shown the attaching creditor gets nothing by virtue of his levy. The lien attaches to the real and not the apparent interest of the debtor." Henry v. General Forming, Limited, 33 Cal. 2d 223, 200 P. 2d 785.

But plaintiff says that defendant signed the certificates of title and delivered them to Sheffler together with the car, and thus enabled the latter to mortgage the car to plaintiff, and that defendant is now estopped to deny the ownership in Sheffler, and cites: Boles v. Stiles, 188 Cal. 304, 204 P. 848; Dennis v. Bank of America National Trust & Savings Ass'n, 34 Cal. App. 2d 618, 94 P. 2d 51; Henry v. General Forming, Limited, 33 Cal. 2d 223, 200 P. 2d 785.

Plaintiff did not plead an estoppel and raises the question, for the first time, in its brief on this appeal. This it cannot do.

In Placer County v. Lake Tahoe Ry. & Transportation Co., 58 Cal. App. 764, 209 P. 900, the California court held that where a party relies upon estoppel, it is his duty to plead it, and where he has failed to do this the question cannot be considered. The law of the forum governs as to pleadings and this court

has repeatedly announced the same rule. Tonkawa Milling Co. v. Town of Tonkawa, 15 Okla. 672, 83 P. 915; Halsell v. First Nat. Bank of Muskogee, 48 Okla. 535, 150 P. 489.

Plaintiff contends that the trial court erred in the giving of one of the instructions wherein the court quoted section 186 of Deering's California Vehicle Code, pleaded by defendant, with reference to the transfer of title to a motor vehicle and providing that no transfer of title in a motor vehicle shall pass unless the parties have fulfilled specified requirements of endorsement and delivery of the certificate of ownership and registration card by the owner to the transferee who shall file same with Motor Vehicles Department. The court further told the jury that if the transferee did not comply with the section, the title did not pass to Sheffler and the mortgage would not be binding as against defendant Neal.

This latter part of the instruction, standing alone, is objectionable. But this instruction to which plaintiff excepts is only a part of the instructions given wherein the trial court set out all of the sections of the statutes pleaded by the plaintiff and this section pleaded by the defendant.

The trial court gave other instructions which covered plaintiff's theory of the case. By separate instruction the jury was told that it should not single out one or more instructions and disregard others, but should consider the instructions as an entire charge.

If there was error in a part of instruction above mentioned, it was harmless when considered with the other instructions in the case. There is no showing of prejudice against plaintiff in the giving of said instruction.

"Although an instruction may contain an improper statement of law, if it is clearly apparent from the whole record that no prejudice has in fact resulted therefrom, the error will not be considered." Covington State Bank v. Jayne, 103 Okla. 55, 229 P. 465; Defi-

ance Oils, Inc., v. Hardzog, 178 Okla. 61 P. 2d 572.

The judgment is affirmed.

WELCH, CORN, DAVISON, JOHN-SON, O'NEAL, and BINGAMAN, JJ., concur.