**MOTORS INSURANCE CORPORATION, a corporation, Plaintiff in Error,**

v.

**Ruby CRAIG, Administratrix of the Estate of Jack R. Kutzler, Deceased, Defendant in Error.**

**No. 37314.**

**Supreme Court of Oklahoma.**

**July 9, 1957.**

516

McClelland, Bailey & McClelland, W. F. Collins, Jr., by Robert O. Bailey, Oklahoma City, for plaintiff in error.

Hugh Conway, W. E. Crowe, Enid, for defendant in error.

PER CURIAM.

Ruby Craig, administratrix of the estate of Jack R. Kutzler, deceased, obtained a judgment against Motors Insurance Corporation in the District Court of Garfield County, Oklahoma, for the agreed damage to an automobile in the sum of $3,000, alleged to have been insured by the defendant against such damage. The defendant has appealed. The parties will be referred to by name or as they appeared in the trial court.

An understanding of the issues involved requires a statement of the very unusual facts on which this action is based. In 1954, Jack R. Kutzler was in the Air Force and stationed at Vance Air Force Base near Enid, Oklahoma. Frank E. Money was doing business in Enid as the Money Motor Company, selling automobiles. He was also the soliciting agent for defendant Motors Insurance Corporation and authorized to accept applications for insurance policies, collecting premiums therefor and remitting the proceeds to the Motors Insurance Corporation at its office in Oklahoma City, where policies were issued.

During the week preceding December 24, 1954, Jack R. Kutzler, had visited Money Motor Company and examined cars offered for sale. On Thursday, December 23, he had agreed to buy an Oldsmobile and stated that he would be there Friday, December 24 to close the deal.

During Friday, Kutzler telephoned Money Motor Company that he had been delayed but would come in to close the deal that day. He did not arrive until about 6:30, and after banking hours. He agreed to buy the Oldsmobile and gave his check for $3,699.63, which included $103.00 premium for an insurance policy on the car and cost of license tag.

Jack R. Kutzler appears to have driven this car to Denver, Colorado, and while returning to Enid on the morning of December 27th, the car struck a bridge abutment some eight miles west of Enid, resulting in the demolition of the car and the death of Kutzler. The insurance policy was applied for on December 24, by signing an application with Frank E. Money, who was agent of Motors Insurance Corporation, with authority to accept applications for car insurance, collect premiums therefor and remit the same, less commission therefor, to Motors Insurance Corporation. He mailed the application to Motors Insurance Corporation the night of December 24, 1954.

When the bank opened Monday morning December 27th, payment was refused on Kutzler's check. It was drawn on the First National Bank of Enid. It was then discovered that Jack R. Kutzler had no money on deposit there and did not have an account in that bank. Inquiry disclosed that he had no bank account at any bank in Enid. He had made no arrangement with the First National Bank to pay his check.

The damaged car was brought to Enid, sold by Money Motor Company for $300, which sum was paid to Ruby Craig, who had been appointed administratrix of the estate of Jack R. Kutzler, deceased, with whom Money Motor Company filed a claim for $3,000 for damages to the car by Kutz-

ler, who had paid nothing on the purchase price, nor on the insurance premium on the policy applied for.

Upon refusal of the Motors Insurance Corporation to pay the alleged damage to the automobile in the sum of $3,000, this action was filed by the administratrix of the estate of Jack R. Kutzler, deceased, resulting in a judgment for that amount and the Motors Insurance Corporation has appealed.

When the application for insurance was delivered to the Motors Insurance Corporation at its Oklahoma City office on the morning of December 27, 1954, being Monday, the fact of Kutzler's worthless check and the damage to the car were communicated to that office, and the application for a policy of insurance was rejected and no policy was ever issued. There is some conflicting testimony as to whether the application for insurance was approved before the above information was received by the Oklahoma City office of Motors Insurance Corporation, or afterwards. The exact time of the rejection is in dispute.

When the case was called for trial a jury was waived and certain facts were stipulated. It was agreed that Jack R. Kutzler was a member of the U. S. Air Force and stationed at Vance Air Force Base at Enid when he purchased the car; that Frank E. Money was the agent of Motors Insurance Corporation and asked Kutzler if he wanted collision insurance, and took his application for such a policy, the premium being included in the one check given by Kutzler; and that Money, as such agent, was billed once a month for premiums due upon policies issued upon applications accepted by him during the preceding month.

It was agreed that Kutzler was informed by Money that the car was insured when he drove it away on Friday evening, December 24, 1954, although no policy was issued.

Frank E. Money filed a claim with the administratrix of the estate of Kutzler, which claim was allowed but not paid for lack of funds in the estate. Kutzler ap-

plied for a license tag but a new tag could not be obtained on account of the tag office being closed, and Money Motor Company supplied a tag temporarily.

. It was stipulated that the administratrix was appointed on the application of Mr. Money as a creditor of the estate of Kutzler. The amount of the damages to the car was agreed upon. From the foregoing it is. clear that most of the pertinent facts were agreed upon and that most of the questions arising from the facts are legal questions.

The application for insurance by Kutzler was admitted in evidence, along with his application for a license tag and the agreement between Motors Insurance Corporation and Frank E. Money whereby the latter was authorized to accept applications for car insurance.

The principal contention of plaintiff is that Money, agent for the Motors Insurance Corporation, had authority to bind it when he accepted the application for insurance on the car and did in fact insure it.

Motors Insurance Corporation contends that the authority of a soliciting agent is fixed by his written contract. The agency contract provides that the agent is given authority to receive and forward applications on motor vehicles; to collect and receipt for premiums on insurance applications received and insurance written thereon by the company. It also contains the following:

"The Agent agrees that he will not make any application for insurance effective as of a time prior to the signing and mailing of the application for insurance."

The above indicates that the agent might make the policy effective at the time of and after the application for insurance is signed and mailed. The evidence before us shows that Kutzler was advised that his car was insured when he signed the application, gave a check for the premium, and drove the car away. This might be true but for the fact the check he gave for the car and the insurance premium was worthless. This fact renders it unnecessary to discuss the rule that an insurance company is not required to accept all applications for insurance submitted to it.

In Phillips v. Lagaly, 10 Cir., 214 F.2d 527, 528, it is said in the body of the opinion as follows:

"Whether the acceptance of a check constitutes payment depends upon the intent of the parties. A leading case on the question is Martin v. New York Life Insurance Co., 30 N.M. 400, 234 P. 673, 675, also reported and annotated in 40 A.L.R. 406. The general rule is there stated to be that 'the receipt of such a check or draft is predicated upon the implied understanding that it will be paid.' That is also the rule in Oklahoma where the court has said that 'An insurer may accept a personal check in payment of a life insurance premium, but such acceptance is conditional, in the absence of a contrary intention, upon due payment of the check, and the burden is upon the insured or his beneficiary to prove a contrary intention on the part of the insurer.' Central States Life Insurance Co. v. Johnson, 181 Okl. 367, 73 P.2d 1152, 1153; * * *"

In Mott v. Nelson, 96 Okl. 117, 220 P. 617, it is said in the first paragraph of the syllabus:

"Where goods are sold for cash and delivered, the vendor taking the vendee's check for the price, which on presentment within due time is dishonored, title to the goods does not pass, and the vendor may reclaim the property from the vendee and any party who has no greater equities."

■ Motors Insurance Corporation urges that even if the application of Kutzler had been accepted and a policy of insurance issued, it would have been void because the premium check was worthless. We think this is the decisive issue before us. Defendant in error claims that there is no evidence that Kutzler would not have made the check good had he lived, and that the fact that he was driving toward Enid when killed indicates that he intended

to defraud no one in this transaction. Under all the facts and circumstances before us we find no merit in this suggestion.

Enid was the post of duty of Jack R. Kutzler as a member of the United States Air Force. He was in Enid several times looking at cars the week before this transaction occurred and had an opportunity to arrange for credit before he drew the check for the car and the insurance pemium. There is not one word of evidence that he ever mentioned such intention to any one. The entire record indicates his intention to obtain the car and insurance for nothing for at least a limited time. Any presumption that he intended to pay for the car or insurance is purely speculative.

If Jack R. Kutzler were living today could he recover upon the "oral binder" agreement for insurance? It is upon that agreement that his legal representative is attempting to recover. We do not think that his representative is in any better position to recover than he would be if he were living.

■ This Court in Great Southern Life Ins. Co. v. Brooks, 166 Okl. 123, 26 P.2d 430, announced what we consider to be the correct rule with respect to the payment of an insurance premium by check. There it is said:

"Annual or quarterly premiums on a life insurance policy are ordinarily payable in cash, and, in the absence of a different intention, a personal check does not operate as payment * * *"

Again, in Central States Life Ins. Co. v. Johnson, 181 Okl. 367, 73 P.2d 1152, 1153, it is said in the second paragraph of the syllabus:

"An insurer may accept a personal check in payment of a life insurance premium, but such acceptance is conditional, in the absence of contrary intention, upon due payment of the check, and the burden is upon the insured or his beneficiary to prove a contrary intention on the part of the insurer."

In the body of the opinion it is said:

"The acts of the insurer in accepting a check and attempting to cash the same in due course are insufficient evidence of an unconditional acceptance thereof in payment of a life premium. Such evidence is too conjectural to be submitted to a jury."

■ There is no evidence that the worthless check here involved was intended to be accepted as payment for the car and insurance premium unless the check was honored when presented for payment.

The same rule is applicable to the proposition that Jack R. Kutzler had no insurable interest in the car of which he obtained possession by the use of a worthless check.

In support of this contention there is cited Hartford Fire Ins. Co. v. Carter, 10 Cir., 196 F.2d 992, 994, wherein it is said:

"The law appears to be well settled that recovery cannot be had upon an insurance policy by a person who has no insurable interest in the property covered by the policy. Fireman's Fund Ins. Co. v. Cox, 71 Okl. 9, 175 P. 493; Geisler v. Mutual Benefit Health & Accident Ass'n, 163 Kan. 518, 183 P.2d 853; Cherokee Foundries v. Imperial Assur. Co., 188 Tenn. 349, 219 S.W.2d 203, 9 A.L.R.2d 177; cases cited, annotation 9 A.L.R.2d 181. It has generally been held that there is no insurable interest where the claimant holds the insured property under a conveyance which is absolutely void. * * *"

There is also cited Liberty National Bank of Weatherford v. Simpson, 187 Okl. 274, 102 P.2d 844; Mott v. Nelson, supra, and Hoven v. Leedham, 153 Minn. 95, 189 N.W. 601, 31 A.L.R. 578, where it is clearly held that even though a policy of insurance is issued and delivered on the assumption that the check given therefor is good, but proved to be worthless, no title passed to the buyer and he had no insurable interest in the car.

The case of Valley Loan Service v. Neal, 205 Okl. 94, 235 P.2d 932, 933, is also cited

and the rule is announced in the third and fourth paragraphs of the syllabus:

"Where a check for the purchase price of a chattel is given by the buyer and accepted by the owner, such acceptance, in the absence of a definite understanding to the contrary, is a tentative acceptance only and is conditional that the check will be honored upon a timely presentation for payment.

"Title to a chattel did not pass to the buyer who gave a false or bogus check in payment of the agreed sale price, and the right of possession by a mortgagee can rise no higher than the rights of its mortgagor as against the seller who repossessed the automobile with neither actual nor constructive notice of the mortgage."

The undisputed testimony of Mr. Money is to the effect that he relied upon the check given for the car and for the insurance premium and believed that the check was good, but that it proved to be worthless. This Court has held that even if a certificate of title had been issued by the Oklahoma Tax Commission it did not constitute a muniment of title. Adkisson v. Waitman, 202 Okl. 309, 213 P.2d 465.

The cases cited by the defendant in error to the effect that one has an insurable interest in property where he will derive a pecuniary benefit from its preservation or will suffer pecuniary loss or damage from its destruction, are not applicable here. It is difficult here to conceive of any benefit accruing to Jack R. Kutzler by the preservation of an automobile of which he had gained possession by means of a worthless check, covering the price of the car and the insurance premium for one year.

The judgment is reversed with instruction to render judgment for the Motors Insurance Corporation.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.