**Howard McGEHEE and Justine McGehee, Appellants,**

v.

**FARMERS INSURANCE COMPANY, INC., Appellee.**

**Nos. 83-1536, 83-1609.**

United States Court of Appeals, Tenth Circuit.

May 25, 1984.

S. Daniel George, Sallisaw, Okl., for appellants.

McGivern, Scott, Gilliard & McGivern, Tulsa, Okl., for appellee.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir., R. 10(e). The cause is therefore submitted without oral argument.

The plaintiffs-appellants sued Farmers Insurance Company on a fire insurance policy. The district court gave summary judgment for the defendant on the ground that the plaintiffs had no insurable interest in the premises insured. They appeal.

The plaintiffs are the named insureds in the policy issued by defendant. Plaintiff Howard McGehee's father, Jack McGehee, a non-party to this action, will be referred to as Father.

In March, 1981, Father telephoned Bill Day, an agent of the defendant, for the purpose of purchasing insurance on the property in question and also other property. The Father's deposition tells what occurred between him and the agent. Deposition pp. 31–32:

"Q. Did you talk with Mr. Day about your son living in the house?

A. I sure did.

Q. What did you talk to him about there?

A. Well, I told him that the home was in mine and Doris's name, and the boy lived in it, and I talked about getting him some insurance on his house—I mean on his furniture. And so he said, 'Well, why don't we just—if you're giving the boy the home, why don't we just put him a homeowner's on it?' And so he was the one that put the homeowner's on it."

\* \* \* \* \* \*

Q. Did you mention anything more about the details as far as giving your son the home? You mentioned you told him you and your wife's name was on it.

A. Yeah.

Q. Anything else?

A. What do you mean, anything else?

Q. Well, I don't know. Did you talk—

A. Well, I mean, he just said that he could put a homeowner's on it, and it would be covered just the same as if it was in their name. That's the words he told me."

A policy was issued covering the structure and its contents. The plaintiffs were listed as the named insureds and the Father and his wife were listed as mortgagees. The Father paid the insurance premium on the policy. The plaintiffs lived in the house about four years until it was completely destroyed by fire on May 27, 1981. The Father paid the taxes on the home and paid for improvements on the home. The son did chores for his Father. Title to the house was never changed. It remained in the Father and his wife.

Farmers has paid the plaintiffs' personal property claim and their additional living expense claim and obtained a partial release. The district court sustained the Farmers' claim that the plaintiffs had no insurable interest in the home. Plaintiffs appeal from this judgment.

The Oklahoma statute on insurable interest reads:

"A. No insurance contract on property or of any interest therein or arising therefrom shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured.

B. 'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

C. The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof."

Okl.Stat.Ann. Tit. 36, § 3605 (1981).

There appears to be no Oklahoma decision absolutely in point. In deciding for the defendant, the district court relied on two Oklahoma cases, *Fireman's Fund Insurance Company v. Cox*, 1918, 71 Okl. 97, 175 P. 493, and *Motors Insurance Corp. v. Craig*, Okl.1957, 313 P.2d 515, 519. In *Fireman's Fund*, Grissom owned the property consisting of a hotel and furniture. He sold the furniture to Fisher several months prior to the issuance of the policy. Fisher sold to Gaither who in turn sold to the plaintiff 11 days before the policy issued to Grissom. Grissom had the policy

on the furniture assigned to the plaintiff. Grissom did not tell the insurance company that he had sold the furniture to Fisher. The court said, 175 P. at 494:

"Grissom having no insurable interest in the furniture, it seems quite clear that the plaintiff, as his assignee, acquired no rights under the policy."

The court noted, Id. at 493:

"... that at the time of this assignment [to plaintiff] Grissom was not aware that the policy had been taken out after he had disposed of the property, and he therefore did not apprise the company of the assignment and transfer of the property from him to Fisher; that the plaintiff had no communication whatever with the company or its agent until after the fire."

*Motors Insurance Corporation v. Craig*, supra, 313 P.2d 515, was an action against an insurance company to recover for damages to a car which had been purchased, and the insurance premium paid, with a worthless check. Recovery was not allowed.

Plaintiffs argue that the insurance company is estopped to deny liability on the policy. The Father did not ask the agent to insure the property in the son's name. He telephoned to insure it in his own name. The agent made the choice as to "insurable interest." His knowledge is imputed to the insurance company.

Neither the *Fireman's Fund* nor the *Motors Insurance* cases consider this problem. In the *Fireman's Fund* case there was no notice to the insurance company of the fact that the property had been sold. In this case, the Father told the agent that the property was in his and his wife's names. This testimony is not denied. The deposition of the agent was not taken. The Father and his wife were named in the policy as mortgagees. The policy provides in its Condition 12, R. p. 12, "If the policy is cancelled by us, the mortgagee shall be notified at least 10 days before the date cancellation takes effect." No notice was given by the insuror of cancellation.

In *Security Insurance Company of New Haven v. White*, 10 Cir.1956, 236 F.2d 215, 219, a case applying Oklahoma law, we said:

"The general rule having pertinent application in this case is that if an insurer with knowledge of facts which would bar liability under an issued and outstanding policy continues to recognize liability by treating the policy as being in force and effect, it waives the bar and becomes estopped to plead such facts to escape liability."

In the case at bar, the agent knew the facts, accepted the premium paid by the Father, and the policy remained in effect.

We have examined the case of *Snethen v. Oklahoma State Union*, Okl., 664 P.2d 377, decided February 15, 1983. That case involved a policy on a stolen automobile. In that case the court specifically overruled *Ernie Miller Pontiac v. Home Insurance Company*, Okl. 1975, 534 P.2d 1, and held that a good faith purchaser for value of a stolen automobile has a substantial economic interest in the property which is lawful and must be treated as insurable under § 3605.

We are aware of the rule that if there are no controlling state precedents, the federal judge's interpretation and application must be given extraordinary force on appeal. *R.J. Enstrom Corp. v. Interceptor Corp.*, 10 Cir.1977, 555 F.2d 277, 282. In this case the decision of the district judge must be compared with the decision of another federal district judge in *Schonwald v. Sun Insurance Office, Limited*, W.D.Okl.1967, 276 F.Supp. 775, 776, that:

"Disclosures as to the actual status of title to the insured property made to a soliciting agent for an issuing insurance company is [sic] imputable to the issuing insurance company."

In the circumstances, the rule requiring deference does not apply. We are impressed with the fact that the Father made a complete disclosure to the agent and the agent wrote the policy as he did with the son and his wife as the insureds

and the Father and his wife as mortgagees. It was the agent's choice which the Father accepted. The company was estopped from taking a contrary position.

The defendant Farmers Insurance Company has cross-appealed on the denial of its motion to assess attorney's fees. In the light of our disposition of the case, the motion was properly denied.

Reversed.