In re BEN KENNEDY AND
ASSOCIATES, INC.,
Debtor.

Kenneth L. SPEARS, Trustee,
Plaintiff–Appellant,

v.

ST. PAUL INSURANCE COMPANY,
Defendant–Appellee.

No. 94–6042.

United States Court of Appeals,
Tenth Circuit.

Nov. 8, 1994.

Clarence P. Green, Lee Endicott, of Green, James & Williams, Oklahoma City, OK, for plaintiff-appellant.

Reggie N. Whitten, Steve L. Lawson, of Mills & Whitten, Oklahoma City, OK, for defendant-appellee.

Before TACHA, BRORBY, Circuit Judges, and KANE,* Senior District Judge.

BRORBY, Circuit Judge.

Appellant Kenneth L. Spears is trustee for the bankrupt Ben Kennedy & Associates, Inc. (BKA), an insurance agency. BKA was covered by a $100,000 fidelity policy issued by appellee St. Paul Insurance Company (St. Paul). Before its demise, BKA's employee, Chitty, found a way to steal from third parties—BKA's clients—while at his job. Without BKA's knowledge, Chitty created a sham insurance agency for "specialty" insurance, submitted bids on behalf of this sham agency for BKA clients requesting such insurance, and, whenever "its" bid was accepted, prepared a fictitious insurance policy for the purchaser. BKA billed each client for the

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the Dis-

trict of Colorado, sitting by designation.

premium, subtracted its commission, and forwarded the rest of the money to Chitty's sham agency. Chitty collected the sham agency's mail and converted the money to his own use. Before the scheme was stopped, Chitty had stolen more than $235,000. Afterwards, BKA spent $20,737.52 to refund one defrauded customer's premium and to replace fictitious insurance with valid insurance for three other clients. After BKA was forced into bankruptcy, Spears, as trustee, sued to recover the limit of $100,000 under BKA's fidelity policy for the loss of all of its defrauded clients' money.

On cross-motions for summary judgment on these uncontroverted facts, the district court determined that Spears was entitled to recover only BKA's actual loss of $20,-737.52—BKA's out-of-pocket expense to satisfy four of its defrauded customers. Spears appeals. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

■ We review the grant of summary judgment de novo, using the same standard as that applied by the district court. *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir.1994). In the absence of any controlling federal law, the debtor's property rights are determined by state law. *Barnhill v. Johnson*, — U.S. —, —, 112 S.Ct. 1386, 1389, 118 L.Ed.2d 39 (1992). Because the forum state is Oklahoma, our goal is to reach the same result that an Oklahoma court would reach. *Wood*, 38 F.3d at 512. The fidelity policy provides, in pertinent part:

> This agreement protects against losses of money, securities or other property resulting from the fraud or dishonesty of any of your employees. This can be money, securities or other property you own or that you're holding, whether or not you're liable for its loss.

Appellant's App. at 381.

■ Spears argues that BKA is entitled as a matter of law to recover proceeds up to the policy limit because: (1) the policy indemnifies BKA for the loss due to employee dishonesty of money or other property BKA was holding for another person; (2) the policy indemnifies BKA without regard to whether BKA itself suffered a financial detri-

ment; and (3) the parties agree that Chitty stole more than $100,000. St. Paul concedes that BKA was holding its clients' money in trust. Appellee's Br. at 12.

The parties have cited no Oklahoma case that is directly on point and we have found none. Spears is correct that this fidelity policy does not state that BKA must suffer an actual loss before it may recover on the policy and, therefore, the meaning he gives the contract is a *possible* interpretation of it. Even if we were convinced that both parties *intended* that meaning, however, we are confident that an Oklahoma court would then consider it a wagering contract and refuse to enforce it.

This fidelity policy insures against the loss of property due to employee dishonesty. In general, an insurer's obligation to indemnify against loss attaches only when the insured sustains an actual loss. *Tri–State Casualty Ins. Co. v. Stekoll*, 201 Okla. 548, 208 P.2d 545, 549 (1949) (compensation insurance). In this factual context, where BKA was in possession of, but did not own, the money that was lost, the requirement that it suffer a resulting actual loss before its insurer would become liable on the policy is closely linked with the fundamental requirement that BKA, as the insured, have an insurable interest in the subject matter of the policy. *See* 3 G. Couch, Cyclopedia of Insurance Law § 24:1 (2d ed. rev. vol. 1984). The State of Oklahoma has long recognized and applied this "elementary law" of insurance in its cases, *Fireman's Fund Ins. Co. v. Cox*, 71 Okla. 97, 175 P. 493, 493 (1918); *see also, e.g., Snethen v. Oklahoma State Union of the Farmers Educ. & Coop. Union*, 664 P.2d 377, 379 & n. 3 (Okla.1983); *Young v. Stephenson*, 82 Okla. 239, 200 P. 225, 227 (1921); *Johnson v. Allstate Ins. Co.*, 870 P.2d 792, 795 (Okla.Ct. App.1993), and, with respect to property insurance, has incorporated it into its insurance code, Okla.Stat. tit. 36, § 3605.

BKA's insurable interest in the loss of its clients' money while in its possession could only extend as far as the financial detriment it would suffer as a result of that loss. To allow BKA to recover $100,000 on this fidelity policy without a corresponding financial detriment to BKA would amount to allowing

an insured to wager on the loss of others' property in its possession, and might foster a temptation for similarly situated insureds to "lose" such property for economic gain. *See Johnson,* 870 P.2d at 794–95. Such a holding would contravene important public policy concerns underlying Oklahoma insurance law. *See id.* at 795. BKA's recovery under its fidelity policy is therefore limited to reimbursement of its actual out-of-pocket expense resulting from the loss of its clients' money due to its employee's dishonesty.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.