SCHMELLER ALUMINUM FOUNDRY CO., AN OHIO CORPORATION, PLAINTIFF-APPELLANT, *v.* COHEN ET, D. B. A. D. COHEN & SONS, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25894. Decided June 28, 1962.

*Messrs. Roemisch & Wright*, for plaintiff-appellant.
*Mr. Alan Meltzer*, for defendants-appellees.

(COLLIER, J., of the Fourth District, sitting by designation in the Eighth District, in place of HURD, J.)

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered on the verdict of a jury returned for the defendant by direction of the court upon motion at the conclusion of plaintiff's case. The assignments of error are:

"1. The trial court erred to the prejudice of the Plaintiff-Appellant in directing the jury to return a verdict for the defendant at the close of plaintiff's case.

"2. The decision is against the manifest weight of the evidence and is contrary to law.

"3. For other errors of law which are manifest from the record."

The plaintiff, a corporation, is in the foundry business manufacturing aluminum castings. Its action in this case seeks damages from the defendants, dealers in scrap metal, for the alleged conversion of more than three thousand pounds of aluminum core plates. Sometime in June, 1958, the plaintiff discovered that some of its core plates were missing. At the time in question, one of plaintiff's officers (Mr. Schmeller) was returning to the plant in the evening when he discovered a green Ford automobile with the trunk open, standing in the road by the fence surrounding plaintiff's yard. Mr. Schmeller sent an employee out to investigate. The record shows the following testimony:

"He went out there to check the car, my watchman, and at the same time our foreman went out the back door. When the foreman went out the back door he seen someone running in the dark and chased him, he and one of my other employees, and they caught him at his car. He had already jumped the fence. It was Elsworth Robinson.

"Q. That was the man who worked for you?

"A. That's right. At that time we went out and searched his car and searched all around his car, and there were a bunch of core plates out on the other driveway, right next to his car, that he was ready to load."

The license number on the car (a 1954 Ford) was CX 177.

The evidence shows that plaintiff's core plates are of its own make and can be identified and distinguished from those of all other foundries. Core plates are a part of the tools or equipment used in a foundry and are never sold but used over and over again and when they become unusable, are melted down and recast.

Robinson was indicted, tried, and found guilty of grand larceny for the stealing of aluminum core plates belonging to this plaintiff of the value of $247.50.

In late August, 1958, the plaintiff purchased a quantity of aluminum scrap from the Barberton Iron and Metal Company of Akron, Ohio. In the scrap that was shipped to the plaintiff from Akron were parts of broken core plates of the plaintiff. Mr. Schmeller testified:

"Q. * * *

"Did you examine the shipment that you received from Barberton Iron?

"A. Yes, I did.

"Q. What did you discover?

"A. I discovered in the load that some of our core plates were in it, broken, of course, and freshly broken."

The importance of the testimony is that the plaintiff in purchasing scrap from Barberton Iron received in the shipment pieces of its core plates that had been missing from its inventor. It also disclosed by the evidence that one of the sources from which Barberton Iron received scrap metal for resale was the defendant, and that during this time purchases from the defendant had been at frequent intervals.

The morning after Robinson was arrested, a detective of police, assigned to the scrap detail, was called to the foundry and there observed the Ford automobile and the core plates on the ground at or near where it was standing. He also observed the license number on Robinson's Ford to be CX 177.

The detective recollected having seen license No. CX 177 on the records of the defendant identifying the vehicle in which scrap metal had been received by them. There were nine dates on defendant's book when scrap metal was delivered to them in an automobile bearing license plates CX 177, which metal they purchased, and the name of the seller was recorded on the books as E. Roberts, 3382 East 118th Street. Plaintiff's employee (E. Robinson) lived at 3282 East 118th Street. The record shows that the detective, in reciting his conversation with one of the defendants, said:

"Q. * * * He showed us the books. I believe it was several books we had to go back through, and he says that a fellow had brought this aluminum in here; looked like it was from the foundry; it had been broken up and had given the name of E. Robinson. And then Mr. Cohen had written down the license number of the car that delivered it."

One of the defendants, on cross-examination, produced the books of the defendants which showed that from June 7, 1958, to July 31, 1958, the defendants purchased 3166 pounds of aluminum scrap for which they paid $285.15, the books showing the seller to be E. Roberts, 3382 East 118th Street; the license of the car in which delivery was made was CX 177. The record as to the first of these purchases was described by one of the defendants as follows:

"Q. Referring to those books that you have, do you have any entries there of June 7, 1958, of a purchase from an E. Roberts?

"A. June 7, 1958, yes.

"Q. And what did that consist of?

"A. 392 pounds of aluminum.

"Q. And what other notation did you make in the books on that date as far as E. Roberts is concerned?

"A. His address, license number and the amount paid.

"Q. And what was that?

"A. Which?

"Q. All of it.

"A. It reports 3382 East 118th Street; license number CX 177; 392 pounds of aluminum; $35.30.

"Q. What kind of a car was it, do you recall?

"A. No, I do not.

"Q. What kind of a man was it, do you recall that?

"A. I believe it was a negro.

"Q. And did you make that entry yourself?

"A. Yes.

"Q. Was it a passenger automobile?

"A. I would assume so from the license number."

It should be noted that after Robinson was arrested, there were no more purchases recorded on defendants' books of scrap delivered in a Ford automobile bearing license No. CX 177.

The sole question on this appeal is whether or not there was any evidence upon which reasonable minds might differ in support of all of the necessary elements of plaintiff's case. In the case of *Durham* v. *Warner Elevator Manufacturing Co.*, 166 Ohio St., 31, 139 N. E. (2d), 10, the Supreme Court said that in the face of a motion to direct a jury to return a verdict for defendant which is, in effect, a demurrer to the evidence, the court must construe the evidence most strongly in favor of the plaintiff against whom the motion is made, and where there is substantial evidence in support of his side of the case upon which reasonable minds might reach different conclusions, the motion must be denied.

The elements of plaintiff's case, as pleaded, are that the defendant came into possession of certain personal property of the plaintiff which had been stolen from it. It is not necessary to identify the thief nor to show that the defendant acted in bad faith. The receipt of property taken by theft from its owner or a person in lawful possession constitutes conversion no matter how innocent the converter may have acted in taking possession.

Here the defendants took possession of over three thousand pounds of scrap aluminum that looked like it came from a foundry in nine separate deliveries, the material being transported in a passenger automobile. The delivery was made in an automobile with license plates apparently issued to an employee of the plaintiff whose automobile was found parked under such circumstances that it could reasonably be considered that he was then in the act of stealing plaintiff's core plates. The defendant sold scrap aluminum to a scrap dealer who, in filling an order, entered by the plaintiff, included, in part, broken core plates of the plaintiff in the shipment. In considering all

of these circumstances, there is evidence of sufficient probative value in support of plaintiff's case to make out a prima facie case requiring the defendants to meet and if such evidence is available, to controvert the inferences on which the plaintiff is entitled to rely on the evidence presented by it.

The judgment is, therefore, reversed, and the cause remanded for further proceedings according to law.

Exceptions. Order see journal.

Kovachy, P. J., concurs.
Collier, J., dissents.

Collier, J. (dissenting). It is well settled that where a chattel has been stolen and sold, everyone through whose hands it has passed is guilty of converting it to his own use and, therefore, liable for its value to the real owner. 11 Ohio Jurisprudence (2d), 615, Sec. 36. The question in this case is whether the undisputed evidence is sufficient to establish a prima facie case that the defendants purchased scrap aluminum owned by the plaintiff from Ellsworth Robinson, who had stolen it from the plaintiff. The record shows no direct evidence of these essential facts, but the plaintiff contends that the circumstantial evidence adduced by the plaintiff establishes a chain of events from which that conclusion may be reached in the process of logical reasoning. Stated another way, the plaintiff claims that it may be reasonably inferred from the proven facts that Robinson was convicted of stealing core plates September 11, 1958, from the plaintiff, that in June and July, 1958, the defendants purchased scrap aluminum from a man giving a different name and address, but driving a car with a license plate issued to Robinson, and that in Late August plaintiff bought some of those core plates in an order of scrap purchased from Barberton Iron and Metal Company, which had weekly dealings with the defendants, although there was no information from whom the Barberton Iron and Metal Company purchased the scrap that made up this particular sale to the plaintiff, that Robinson stole the core plates from the plaintiff in June and July and sold them to the defendants.

After a careful examination of the record, we cannot agree with plaintiff's contention. In the first place, there is no evi-

dence by description or otherwise, except the evidence relating to the license plate, to identify Robinson as the man who sold the scrap to the defendants. To reach this conclusion it must be inferred from the fact alone the car in which the scrap was delivered to the defendants bore the license plate No. "CX177," that E. Roberts and Ellsworth Robinson, of a different address, was one and the same person. There is no evidence tracing or identifying plaintiff's core plates through Robinson to the defendant. The testimony of plaintiff's witnes, Jacob Pollack, the owner of Barberton Iron and Metal Company disproves rather than proves that the core plates purchased by plaintiff in late August came from sales by E. Roberts to the defendants in June and July. This witness testified that all aluminum scrap was moved or disposed of in a week or ten days and the defendants made weekly deliveries to this jobber. Also that the core plates included in the scrap metal purchased by the plaintiff from Barberton Iron and Metal Company could have come from four other sources. Certainly, it may not be inferred from the fact Robinson was convicted of larceny committed September 11, 1958, that he was also guilty of theft of the core plates in June and July.

It is true that in recent years the rule of law as it relates to inferences has been given a more liberal construction. See *Hurt* v. *Rodgers Transport Company*, 164 Ohio St., 329, 130 N. E. (2d), 820. But the rule still remains that an inference based solely upon another inference may not be indulged in by a jury. A jury should not be allowed to guess or speculate as to where the truth most probably lies. A verdict can not rest upon suspicion, however strong it may be, and that is all that may be claimed for the evidence adduced by the plaintiff

My conclusion is that the plaintiff failed to establish facts constituting a prima facie case of conversion against the defendants. The ruling on the motion of the defendants at the close of plaintiff's case was correct and the judgment should be affirmed.