42005.   GORDON et al. v. GULF AMERICAN FIRE & CASUALTY COMPANY.

ARGUED MAY 4, 1966—DECIDED MAY 26, 1966.

*Harris, Chance, McCracken & Harrison, Roy V. Harris, Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr.,* for appellant.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, A. Montague Miller,* for appellee.

EBERHARDT, Judge. ■ The appellee insurance company strongly relies upon *Giles v. Citizens Ins. Co. of Missouri,* 32 Ga. App. 207 (122 SE 890), where the facts are substantially the same as here. In that case the court held that, "the bona fide possession of stolen property does not give the holder any sort of title whatever, such as would come up to the rule governing an insurable interest; nor does his bona fide possession of stolen

property constitute such an exclusive and undisputed claim as would entitle him to be called the 'sole and exclusive' owner." To that extent *Giles* does support the contention of the appellee here.

Testimony that the vehicle was the one stolen from Wall was not only uncontradicted, but supported by the testimony of all who testified. Captain Wall was in no way impeached. "The law presumes that witnesses who testify are credible and worthy of belief, unless impeached or otherwise discredited." *Coates v. State,* 192 Ga. 130 (2) (15 SE2d 240). "[R]elevant testimony in behalf of the company on the part of its servants can not, if they be unimpeached, arbitrarily be disregarded by the court or jury, upon the assumption that it is not, in point of fact, in accord with the truth." *Macon & Birmingham R. Co. v. Revis,* 119 Ga. 332 (46 SE 418). "The identification was complete. although the witness did not know the brand names or serial numbers of the objects." *Richardson v. State,* 113 Ga. App. 163 (4) (146 SE2d 653). And see *Jordan v. State,* 119 Ga. 443 (2) (46 SE 679). Certainly there is no greater requirement of identification in a civil case than in criminal cases. A finding that the automobile was the one which had been stolen from Captain Wall was demanded and a verdict for the plaintiff was unauthorized. *Southern R. Co. v. Russell,* 46 Ga. App. 772 (169 SE 245); *Savannah & Atlanta R. Co. v. DeBusk,* 68 Ga. App. 529 (23 SE2d 529); *Jones v. Powell,* 71 Ga. App. 202 (30 SE2d 446); *Atlantic C. L. R. Co. v. Martin,* 79 Ga. App. 194 (53 SE2d 176).

Appellants urge that *Giles* requires a reversal here under its further holding: "In the instant case it indisputably appears that the plaintiff was in bona fide possession of property previously stolen from the original owner by parties unknown, about two years previously, and that the original owner had transferred all his title and interest in the car to the other insurance company, which had indemnified him against his loss by the original theft; but the record discloses that the defendant, upon whom the burden rests of disproving the title of the plaintiff in possession at the time of the second theft, has failed to show that the other insurance company had not conveyed its title and interest to a party through whom the plaintiff claimed."

In this case the manager of the subrogation division of United Services Automobile Association testified that the company had paid Captain Wall for his loss and, upon doing so, had taken from him a bill of sale dated July 16, 1964, to the car, and a transfer of his vehicle registration certificate. He then testified: "Q. Do you have the vehicle now? A. No. Q. But you do have title to it, is that correct? A. Yes." The registration certificate issued to Captain Wall, transferred by him to United Services, and the bill of sale from Wall to United Services reciting a consideration of $2,800 were introduced. Consequently, there was proof that title to the car was outstanding in United Services at the time of the subsequent loss of the car by Gordon, and the holding in *Giles* as to a failure "to show that the other insurance company had not conveyed its title to a party through whom the plaintiff claimed" is not applicable. Moreover, the validity of this holding is doubtful in the light of the doctrine of continuity as stated in *Anderson v. Blythe,* 54 Ga. 507, 508, which has special application to the matter of title. *Coleman & Burden Co. v. Rice,* 105 Ga. 163 (31 SE 424).

The rule of *Giles* as to insurable interest is not changed by *Code Ann.* § 56-2405 in which it is defined, as to property, to mean "any actual, *lawful,* and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." (Emphasis supplied.) It was held in *Giles* that one who purchases stolen property, though in good faith, can acquire no title—hence no *lawful* interest. Cf. *Sappington v. Rimes,* 21 Ga. App. 810 (95 SE 316); *Hancock v. Anchors,* 26 Ga. App. 125 (2) (105 SE 626); *Bush v. Ogletree,* 38 Ga. App. 55 (1) (142 SE 463); *McElroy v. Williams Bros. Motors,* 104 Ga. App. 435, 439 (121 SE2d 917); *Lovinger v. Hix Green Buick Co.,* 110 Ga. App. 698, 700 (140 SE2d 83).

■ Does the provision of the policy providing coverage to a "non-owned" vehicle alter this situation? We think not. The provision simply can not and does not extend coverage to vehicles in which the insured has no insurable interest. If it did, it would convert the insurance contract into a gaming arrangement and render it void as a matter of public policy. "The rule

which restricts the execution of a valid contract of insurance . . . to one who has an insurable interest . . . is founded alone on public policy." *Union Fraternal League v. Walton,* 109 Ga. 1, 3 (34 SE 317). See *Code* § 20-504. "No court can properly concern itself with the enforcement of a contract which is contrary to public policy and for that reason void, nor with the adjustment of alleged rights or equities growing out of such a contract. This doctrine is so thoroughly established and so universally recognized that it will not, we apprehend, be questioned; but it has evidently been too often overlooked by the courts in their efforts to do what they conceived to be 'justice.' " *Exchange Bank of Macon v. Loh,* 104 Ga. 446, 459 (31 SE 459). If we should hold that the "non-owned" vehicle provision extends to one in which the insured has no insurable interest, we place him under a temptation to bring about a loss and collect the proceeds from the policy.

It is true that title is not the sole test for determining an insurable interest. It may be a special or limited interest, disconnected from any title, lien or possession, whereby the holder of the interest will suffer loss by its destruction, etc., and that will entitle him to protect the interest by insurance. *Pike v. American Alliance Ins. Co.,* 160 Ga. 755, 761 (129 SE 53). And see *Farmers Mut. Fire Ins. Co. of Ga. v. Pollock,* 52 Ga. App. 603 (3) (184 SE 383). But he must have *some lawful* interest, and under the holding in *Giles* he can not have it in stolen property.

The insured, under this non-owned provision, might well have an insurable interest in a vehicle which he has leased, or which has been supplied to him by another as a temporary substitute for his own. He would be held accountable to the owner if the loss should occur, as is recognized in *Code Ann.* § 56-2405(1). Whether owned or non-owned, the insured must have an insurable interest in the subject matter of the contract, and under the ruling in *Giles,* Gordon had none in this vehicle.

Another reason why the "non-owned" provision afforded no coverage and is not applicable in this instance is that Gordon obtained insurance on it as an owned vehicle; it was so listed in the policy and he paid a specific premium charge for the cov-

erage. As to the insured, it cannot occupy the position of an owned and a nonowned vehicle at one and the same time, nor can both coverages extend to it.

*Judgment affirmed.   Bell, P. J., and Jordan, J., concur.*