**ERNIE MILLER PONTIAC, INC.,**
Appellant,

v.

**The HOME INSURANCE COMPANY,**
Appellee.

**No. 47465.**

Supreme Court of Oklahoma.

April 1, 1975.

Rehearing Denied April 22, 1975.

Jones, Givens, Brett, Gotcher & Doyle, Inc. by William R. Grimm, Tulsa, for appellant.

Richard D. Wagner, Tulsa, for appellee.

DAVISON, Justice:

Ernie Miller Pontiac, Inc., (plaintiff below) appeals from an adverse judgment denying it any recovery against The Home Insurance Company (defendant) in an action to recover on an insurance policy (issued by defendant) for loss because of a stolen automobile. We will refer to the parties by their trial court designation.

The undisputed facts are as follows: a few days before June 26, 1972 in Tulsa, Oklahoma, one Daniels offered to sell to plaintiff a Chevrolet red Malibu automobile and tendered a title bearing the ID number visible on the vehicle; plaintiff bought the automobile from Daniels for $2150.00, took the title instrument, and parked the vehicle on its Used Car Lot on June 26, 1972; plaintiff had an existing policy with defendant insuring vehicles owned by plaintiff against theft; on or about June 28, 1972, plaintiff reported the theft of the red Malibu to police; and on

1

June 29, 1972, police arrested Daniels while attempting to sell the vehicle to Toyota of Tulsa. Investigation disclosed that Don Thornton Ford of Tulsa was the true and legal owner of the vehicle, having lost the same by theft, and the automobile was restored to that concern. There is no dispute that plaintiff acted in good faith in buying the vehicle from Daniels.

Plaintiff made demand on defendant to pay to plaintiff, pursuant to the theft terms of the insurance policy, the actual cash value of the vehicle in the sum of $2350.00. Defendant refused to pay on the ground (among others) that plaintiff never became the owner of the vehicle within the meaning of the policy provisions.

The trial court held that plaintiff did have an insurable interest in the vehicle; that plaintiff's interest was the right to possession of the vehicle, which had been lost for three days; but that such loss was not covered by the insurance policy. The trial court rendered judgment for the defendant.

Plaintiff appeals contending that after buying the vehicle from Daniels, it had a qualified possessory interest in the vehicle for which it paid $2150.00, thus vesting a "substantial economic interest" in plaintiff (as provided in the statute, infra), of which plaintiff was deprived by the theft from it, to plaintiff's damage in the sum of $2150.00.

We do not agree with plaintiff's contention.

This proposition of whether, under the circumstances, a purchaser of a stolen automobile has an insurable interest in the vehicle is the subject of an Annotation, "Insurable Interest In Stolen Motor Vehicle" in 33 A.L.R.3d 1417, in which it is stated at 1419:

"As a general rule, one purchasing stolen property acquires no better title than the seller, even when the seller himself is a bona fide purchaser. Sale by one without title cannot invest the purchaser with title, even when the sale is by one bona fide purchaser to another bona fide purchaser. The true owner cannot be divested of title by theft of his property, and can recover the stolen property from the purchaser without first having to prosecute the thief.

"Having no title, but only possession, it is generally held that one who innocently purchase a stolen automobile can have no insurable interest in the stolen vehicle, and therefore cannot recover under his policy for its loss or destruction."

Some courts passing on the question have held that a purchaser may have an insurable interest in a stolen vehicle. Examples of these decisions are Skaff v. United States Fidelity & Guaranty Company (Fla.App.1968) 215 So.2d 35, 33 A.L.R. 3d 1414, and Treit v. Oregon Automobile Insurance Co. (1972), 262 Or. 549, 499 P. 2d 335. This Court has not passed upon this proposition. We prefer to follow the logic and holdings, infra, of courts that come to the opposite conclusion.

Our statute, 36 O.S.1971, § 3605, regarding enforcement of insurance by persons having an insurable interest provides in pertinent part as follows:

"B. 'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."

This brings us to the proposition of what interest, if any, plaintiff acquired in the Malibu vehicle from Daniels. In Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588, we held that it was a general principle applicable to traffic in personal property that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title.

And in Adkisson v. Waitman, 202 Okl. 309, 213 P.2d 465, 467, we quoted with approval as follows:

" 'The universal and fundamental principle of our law of personal property is that no man can be divested of his prop-

erty without his own consent, and, consequently, that even the honest purchaser under a defective title cannot hold against the true proprietor.' "

In the present case the admitted facts are that Daniels did not own the vehicle he sold to plaintiff, and in fact the only conclusion is that Daniels had stolen the vehicle from the original owner. Daniels had no title and he could convey no title to plaintiff.

We now turn to the decisions mentioned above that hold a purchaser of stolen property does not have an interest insurable against further theft from him.

In Gordon v. Gulf American Fire and Casualty Company, 113 Ga.App. 755, 149 S.E.2d 725, the court reiterated its prior holding (Giles v. Citizens' Ins. Co. of Missouri, 32 Ga.App. 207, 122 S.E. 890) that a bona fide possession of stolen property does not give the holder any sort of title whatever, such as would come up to the rule governing an insurable interest. The Georgia statute as to "insurable interest" was identical with our statute, requiring "any actual, lawful and substantial economic interest" etc. The court held the recognized rule, that one who purchases stolen property, though in good faith, can acquire no title, prevented such person from having a "lawful" interest, as required by statute.

In the Gordon case, supra, the court further stated:

"It is true that title is not the sole test for determining an insurable interest. It may be a special or limited interest, disconnected from any title, lien or possession, whereby the holder of the interest will suffer loss by its destruction, etc., and that will entitle him to protect the interest by insurance. (Citations omitted) But he must have *some lawful* interest, and under the holding in *Giles* he can not have it in stolen property."

We adopt the above reasoning in the case now before us.

See too Herrington v. American Security Insurance Company, 124 Ga.App. 617, 184 S.E.2d 673, in which the court stated:

"It is the law in this State that a bona fide purchaser of a stolen automobile acquires no title and no insurable interest therein and, therefore, may not recover under a theft insurance policy when the vehicle is subsequently stolen from him."

The cases of Gurley v. Phoenix Insurance Company, 233 Miss. 58, 101 So.2d 101, 71 A.L.A.2d 221; Napavale, Inc. v. United National Indemnity Company, 169 Cal. App.2d 119, 336 P.2d 984, and Hessen v. Iowa Automobile Mutual Insurance Company, 195 Iowa 141, 190 N.W. 150, support this proposition of law.

The trial court rendered judgment (as stated above) for the defendant insurance company on the ground that, although the plaintiff had an insurable interest in the vehicle, the insurance policy did not cover that particular interest.

We affirm the judgment for defendant, but on the ground that plaintiff had no interest insurable against theft.

WILLIAMS, C. J., and BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

IRWIN and SIMMS, JJ., concur in result.