This is an action upon an automobile insurance policy. Plaintiff's intestate brought suit to collect upon the fire and theft provisions of his policy with defendant. The material facts were stipulated at trial.
Plaintiff purchased an automobile. He obtained fire and theft insurance upon the automobile from defendant. The automobile was stolen from plaintiff and subsequently found destroyed by fire. It was learned that the automobile had been stolen in Ohio before being purchased by plaintiff. The defendant denied payment on the ground of absence of an insurable interest by plaintiff. Upon motion for summary judgment, it was stipulated that plaintiff was an innocent purchaser for value of the stolen automobile. The court rendered judgment for plaintiff.
The issue presented by the appeal of defendant is whether an innocent purchaser *Page 241 
for value of a stolen automobile has an insurable interest therein. This issue is of first impression in Alabama.
Other jurisdictions which have considered this issue have rather evenly split. A discussion of these differences is to be found in 33 A.L.R.3d 1417. That publication characterizes the finding of no insurable interest as the general rule, although there is substantial authority for the other view. Oregon has held an insurable interest regardless of proof of an innocent purchase. Treit v. Oregon Auto. Ins. Co., 262 Or. 549,499 P.2d 335 (1972).
The view of those jurisdictions holding no insurable interest is based upon the "legal interest" theory. They require that an insurable interest be founded upon a legal interest in the property. The more recent view is the "factual expectation" theory. That view is that an insurable interest exists if the insured will gain economic advantage from the continued existence of the property or will suffer economic disadvantage upon damage to or loss of the property. Harnett Thornton,Insurable Interest in Property: a Socio-Economic Reevaluationof a Legal Concept, 48 Colum.L.Rev. 1162 (1948); Vukowich,Insurable Interest: When It Must Exist in Property and LifeInsurance, 7 Williamette L.J. 1 (1971).
We believe Alabama by statute and court decision has already espoused the "factual expectation" theory of insurable interest. Section 27-14-4 (b), Code of Alabama (1975) provides:
 "`Insurable Interest,' as used in this section, means any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage or impairment."
Our supreme court has stated that one can have an insurable interest, although he has no property in the thing insured, but any limited or qualified interest, equitable right or expectation of advantage is sufficient. Pacific Nat'l Fire Ins.Co. v. Watts, 266 Ala. 606, 97 So.2d 797 (1957); AmericanEquitable Assur. Co. v. Powderly Coal Lumber Co., 225 Ala. 208,142 So. 37 (1932). Put another way, insurable interest exists where insured would suffer a loss from the property's destruction. McKinney v. State Farm Mut. Auto. Ins. Co.,349 So.2d 1091 (Ala. 1977); Rogers v. Lumbermans Mut. Cas. Co.,271 Ala. 348, 124 So.2d 70 (1960).
We believe it consonant with the law of insurable interest already prevailing in Alabama to hold that an innocent purchaser for value has an insurable interest in an automobile previously stolen. We hold that such a purchaser has a pecuniary interest in the continued existence of such an automobile and would suffer an economic loss from its theft or destruction. He has the right to possession and use of the automobile against everyone but the rightful owner. He has a monetary investment in the automobile which he has an interest in protecting so long as his right of possession remains without challenge or termination by the legal owner. Treit v.Oregon Auto Ins. Co., supra; 67 Am.Jur.2d Sales § 257.
We therefore affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.