616 P.2d 54

James BUTLER, Plaintiff/Appellant,

v.

FARMERS INSURANCE COMPANY OF ARIZONA, a stock insurance company incorporated under the laws of the State of Arizona, Defendant/Appellee.

No. 2 CA–CIV 3328.

Court of Appeals of Arizona, Division 2.

Feb. 20, 1980.

Rehearing Denied March 26, 1980.

Review Granted April 15, 1980.

Klein & Klein by Donald S. Klein, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for defendant/appellee.

OPINION

HATHAWAY, Chief Judge.

The question to be decided in this appeal is one of first impression in Arizona: Whether an innocent purchaser of a stolen automobile has an insurable interest in the vehicle. We believe appellant, under the facts of this case, did have an insurable interest and reverse.

In late 1976, appellant purchased a 1967 Austin–Healy automobile for approximately $3,500 and an Arizona Certificate of Title to the automobile was transferred from the seller to appellant at that time. It was stipulated that appellant was without notice that the automobile might have been stolen or that his seller was not the lawful owner of the automobile; that a fair and reasonable consideration was paid for the vehicle; and, that approximately $2,000 was spent having the car repaired and rebuilt. In April 1978, the vehicle was seized by the Tucson Police Department and returned to a California resident who claimed to be its lawful owner. Appellant filed a claim with appellee in April 1978. In August 1978, appellee tendered to appellant a sum of money as a return of the premium paid by appellant during which period appellee claimed coverage did not apply. Appellant brought a suit for declaratory judgment. The court below ruled that "the loss, which forms the basis of the complaint, is not covered by the insurance policy and that the plaintiff [appellant] did not have an insurable interest in the motor vehicle as against the rightful claim of the lawful owner." Appellant appeals from the trial court's denial of his motion for summary judgment and the granting of appellee's motion for summary judgment which dismissed appellant's claim for declaratory relief.

A.R.S. Sec. 20–1105(B) defines an insurable interest as "any actual, lawful and

substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage or impairment." It has been established that a person may have an insurable interest in property even though he does not have title to that property. *Connecticut Mutual Life Insurance Company v. Schaefer*, 94 U.S. 457, 24 L.Ed. 251 (1876). The reason an insurable interest is required is to enforce the public policy against wagering contracts. *Scarola v. Insurance Company of North America*, 31 N.Y.2d 411, 340 N.Y.S.2d 630, 292 N.E.2d 776 (1972). A wagering contract is one "in which the insured party has no interest whatever in the matter insured, but only an interest in its loss or destruction . . . ." *Connecticut Mutual Life Insurance Company*, supra, 94 U.S. at 460.

There is a division of authority as to whether one who innocently purchases a stolen automobile can have an insurable interest in the stolen vehicle. The majority of cases on point have been compiled in an annotation at 33 A.L.R.3d 1417. The annotation states that it is generally held that one who innocently purchases a stolen automobile can have no insurable interest. We believe this statement is not completely accurate. Our review of the decisions on this issue indicates that there is an even split of authority. The states holding that the purchaser of a stolen vehicle can never have an insurable interest generally have done so on the basis of the purchaser not having title to the vehicle or not having a lawful interest in the vehicle. These states hold there is no insurable interest regardless of the circumstances of the damage to or loss of the vehicle. E. g., *Southern Farmers Mutual Insurance Co. v. Motor Finance Co.*, 215 Ark. 601, 222 S.W.2d 981 (1949); *Napavale Inc. v. United National Indemnity Co.*, 169 Cal.App.2d 119, 336 P.2d 984 (1959); *Herrington v. American Security Insurance Co.*, 124 Ga.App. 617, 184 S.E.2d 673 (1971); *Nelson v. New Hampshire Fire Insurance Co.*, 263 F.2d 586 (9th Cir. 1959); *Hessen v. Iowa Automobile Mutual Insurance Co.*, 195 Iowa 141, 190 N.W. 150 (1923); *Ernie Miller Pontiac Inc. v. The Home Insurance Co.*, 534 P.2d 1 (Okl.1975); *Insurance Company of North America v. Cliff Pettit Motors, Inc.*, 513 S.W.2d 785 (Tenn.1974). The Ninth Circuit in discussing Idaho law in *Nelson v. New Hampshire Fire Insurance Co.*, supra, stated, in dicta, that had the purchaser been an innocent buyer, an insurable interest would have existed.

We believe this reliance on the requirement of a legal interest in order to have an insurable interest is misplaced. We believe the better view is that there is an insurable interest whenever the insured would gain economic advantage from the continued existence of the property involved or suffer economic disadvantage upon damage to or loss of the property. E. g., *Granite State Insurance Co. v. Lowe*, 362 So.2d 240 (Ala.1978); *Skaff v. United States Fidelity & Guarantee Company*, 215 So.2d 35 (Fla.App.1968); *Reznick v. Home Insurance Co.*, 45 Ill.App.3d 1058, 360 N.E.2d 461 (1977); *Savarese v. Hartford Fire Insurance Co.*, 99 N.J.L. 435, 123 A. 763 (1924); *Scarola v. Insurance Company of North America*, supra; *Treit v. Oregon Automobile Insurance Co.*, 262 Or. 549, 499 P.2d 335 (1972); *Barnett v. London Assurance Corporation*, 138 Wash. 673, 245 P. 3 (1926).

Does the innocent purchaser's insurable interest somehow deserve less protection when his loss results from the vehicle being returned to the true owner than when his loss results from a fire or an unsolved theft from him? We think not. One of the cases where an insurable interest was found to exist, *Reznick*, is on all fours with the present case, and we agree with its rationale.

Restoration of possession of the vehicle to the legal owner caused its loss to the innocent purchaser. "Loss" is defined in the policy in question as ". . . direct and accidental loss of or damage to (a) the automobile . . . ." "Accidental" here being used as the opposite of deliberate. The comprehensive coverage bargained for between the parties, and upon which the premium was partially based, was:

"To pay for loss to the described automobile, . . . , caused by:

(F) *Any* accidental means except collision, . . ." (Emphasis added)

As the court in *Reznick*, supra, noted: "However, anyone purchasing the comprehensive coverage offered by this policy would be justified in a belief that any loss except a loss by collision or any other specific exception made in the policy would be covered by the comprehensive provision." 360 N.E.2d at 464.

The loss to the innocent purchaser occurs when the vehicle is removed from his possession by the authorities. At that point, he has a claim against his insurer under his policy. As between the insured and his insurer, it should be of no consequence whether the vehicle is subsequently returned to the true owner or not.

Reversed.

HOWARD and RICHMOND, JJ., concur.