616 P.2d 46

**James BUTLER, Appellant,**

v.

**FARMERS INSURANCE COMPANY OF ARIZONA, a stock insurance company incorporated under the laws of the State of Arizona, Appellee.**

**No. 14836–PR.**

Supreme Court of Arizona,
En Banc.

July 21, 1980.

Klein & Klein by Donald S. Klein, Tucson, for appellant.

Chandler, Tullar, Udall & Redhair by D. B. Udall, Tucson, for appellee.

HAYS, Justice.

This cause was submitted to the trial court upon the following stipulated facts: In 1976, plaintiff–appellant, James Butler, purchased a 1967 Austin–Healy for $3,500. Receiving an Arizona Certificate of Title pursuant to the sale, appellant was unaware that the vehicle had been previously stolen. Approximately two years after the purchase, the automobile was seized by Tucson police and returned to its lawful owner.

At all times relevant hereto, appellant was insured against loss of the vehicle by defendant–appellee, Farmers Insurance Co. of Arizona. It is the insurer's denial of appellant's claim for benefits under the policy which has given rise to the instant dispute.

Citing a lack of insurable interest, appellee declined to reimburse appellant for his loss, tendering instead "$55 to $56" as restitution for premiums paid. Appellant initiated suit, and cross–motions for summary judgment were filed. Although the trial court granted appellee's motion, the Court of Appeals reversed. *Butler v. Farmers Ins. Co. of Arizona*, 126 Ariz. 379, 616 P.2d 54 (App.1980). Granting appellee's petition for review pursuant to A.R.S. § 12–120.24 (Supp.1979), we vacate the opinion of the Court of Appeals and reverse the ruling of the trial court.

## I

■ The facts as indicated previously reveal that appellee based its refusal to reimburse upon a lack of insurable interest. Although the question of whether a bona fide purchaser of stolen commodities may claim this relationship is one of first impression in Arizona, we note that the appellate courts of several jurisdictions have considered this issue and are in disagreement. Some courts, relying upon, *inter alia*, the inability of a seller of stolen property to transfer valid title, deny the innocent purchaser an interest of insurable quality. *Napavale, Inc. v. United National Indemnity Co.*, 169 Cal.App.2d 119, 336 P.2d 984 (1959); *Gordon v. Gulf American Fire & Casualty Co.*, 113 Ga.App. 755, 149 S.E.2d 725 (1966); *Hessen v. Iowa Automobile Mutual Insurance Co.*, 195 Iowa 141, 190 N.W. 150 (1922). *See also Southern Farmers Mutual Insurance Co. v. Motor Finance Co.*, 215 Ark. 601, 222 S.W.2d 981 (1949) (innocent purchaser of stolen property not included within sole ownership clause); *Gurley v. Phoenix Insurance Co.*, 233 Miss. 58, 101 So.2d 101 (1958) (innocent purchaser of stolen property not included within sole ownership clause). Other jurisdictions, however, cite principles of real property or public policy

in finding the existence of the requisite relationship. *Granite State Insurance Co. v. Lowe*, Ala.App., 362 So.2d 240 (1978); *Skaff v. United States Fidelity & Guaranty Co.*, 215 So.2d 35 (Fla.App.1968); *Reznick v. Home Insurance Co.*, 45 Ill.App.3d 1058, 360 N.E.2d 461 (1977); *Scarola v. Insurance Company of North America*, 31 N.Y.2d 411, 292 N.E.2d 776, 340 N.Y.S.2d 630 (1972); *Treit v. Oregon Automobile Insurance Co.*, 262 Or. 549, 499 P.2d 335 (1972); *Duncan v. State Farm Fire & Casualty Co.*, Tenn., 587 S.W.2d 375 (1979) [overruling *Insurance Co. of North America v. Cliff Pettit Motors, Inc.*, Tenn., 513 S.W.2d 785 (1974)]. *See also Savarese v. Hartford Fire Ins. Co.*, 99 N.J.L. 435, 123 A. 763 (1924) (innocent purchaser of stolen property included within sole ownership clause); *Barnett v. London Assurance Corp.*, 138 Wash. 673, 245 P. 3 (1926) (innocent purchaser of stolen property included within sole ownership clause). Intending no disrespect to those courts holding otherwise, it is the considered opinion of this court that a bona fide purchaser of a stolen automobile has an interest sufficient to qualify as insurable.

Any analysis of the insurable interest principle in Arizona must focus initially upon the language of our statutes. The governing standard is set forth in A.R.S. § 20–1105(B):

"Insurable interest" . . . means any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction or pecuniary damage or impairment.

We believe that the innocent purchaser of stolen property falls within this protection and reject any construction to the contrary.

■ Initially, examination of identical circumstances reveals that appellant's interest in conservation of the vehicle was both "lawful" and "substantial." The law is clear that a bona fide purchaser of stolen commodities inherits title defeasible by none other than the rightful owner. *Granite State Ins., supra; Scarola, supra.* S/he possesses a valid legal claim to the property which will be given full force and effect in

a court of law. Even as against the true owner, moreover, the innocent purchaser may, upon loss or destruction of the illicit merchandise, be held liable in tort for conversion, and therefore has an interest in maintaining the property in an undamaged condition. *Culp v. Signal Van & Storage*, 142 Cal.App.2d 859, 298 P.2d 162 (1956); *Schmeller Aluminum Foundry Co. v. Cohen*, Ohio App., 183 N.E.2d 621 (1962); *Allred v. Hinkley*, 8 Utah 2d 73, 328 P.2d 726 (1958).

■ In addition, the rule above–stated is not only sustained by the authorities, but is in accord with justice and common sense. Among the vices sought to be discouraged by the insurable interest requirement is the intentional destruction of the covered property in order to profit from the insurance proceeds. We believe this purpose will be furthered where the insured has a financial investment in the property and believes him or herself to be in lawful possession. We see no greater risk of illicit activity under these circumstances than where the insured is, in actuality, the rightful owner.

## II

Appellee next contends that even if an insurable interest exists, repossession of the auto by the rightful owner is not a covered loss within the meaning of appellant's contract.

Under the heading, "Damage to the Insured Automobile," Part IV, subsection f of the policy sets forth the following:

[Appellant agrees] [t]o pay for loss to the described automobile, or a non–owned automobile used by the insured, caused by . . . <u>any accidental means</u> except collision. . . . Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, [etc.], shall not be deemed loss caused by collision . . . . (Emphasis added).

"Loss" is subsequently defined to include ". . . each direct and accidental loss of or damage to (a) the automobile . . . ."

It is the construction to be given the underscored language which gives rise to the second issue before us for review. Appellee's contention, as we understand it, is that since the loss of the vehicle was due to none of the specific circumstances set forth in subsection F (*i. e.*, missiles, falling objects, etc.) and since repossession by the true owner cannot be classified as a theft, the loss of the vehicle by appellant did not fall within the protective language of the policy. We are persuaded, however, that the more reasoned interpretation does not support this definition.

Although we have discovered no Arizona authority directly on point, the phrase at bar has been interpreted by us in the context of life insurance. In *California State Life Insurance Co. v. Fuqua*, 40 Ariz. 148, 10 P.2d 958 (1932), plaintiff's policy of life insurance provided for double indemnity upon death caused by ". . . accidental means." In essence, we defined the term in question as an event which occurs without one's foresight or anticipation.

Turning for additional assistance to supplemental sources of reference, we note that Webster's Third New International Dictionary 11 (1965) defines "accidental means" as an unexpected or unintentional event.

■ In our opinion, it is neither feasible nor necessary to determination of the case at bar to formulate a comprehensive definition of this term which will precisely include all of the situations embraced within its meaning. Suffice it to say, however, that either unanticipated or unintentional occurrences are sufficient, and since repossession by an unknown owner is neither foreseeable nor deliberate, the loss to appellant must fall within the coverage of the contract.

The logic of this construction is evident. Appellee will not be prejudiced by our interpretation. The insurer may merely, in the future, include a specific provision excluding liability in the case of defective title and may charge additional premiums for protection in this regard. At this time, however, based upon the policy as currently phrased, we must construe the ambiguity against the insurer–drafter and find that

coverage exists. *Parks v. American Casualty Company of Reading, Pennsylvania*, 117 Ariz. 339, 572 P.2d 801 (1977).

The opinion of the Court of Appeals is vacated, and this cause is remanded to the trial court for proceedings consistent with this opinion.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.