John O. SNETHEN, Appellant,

v.

OKLAHOMA STATE UNION Of the FARMERS EDUCATIONAL AND CO-OPERATIVE UNION OF AMERICA, Appellee.

No. 56104.

Supreme Court of Oklahoma.

Feb. 15, 1983.

Rehearing Denied June 21, 1983.

Gerald E. Durbin, II, Lisle, Patterson & Durbin, Oklahoma City, for appellant.

Sarah J. Rhodes, Abowitz & Welch, Oklahoma City, for appellee.

OPALA, Justice:

The dispositive issue on certiorari is whether a good-faith purchaser for value of a stolen motor vehicle has an "insurable interest" in the property within the meaning of 36 O.S. 1981 § 3605.[1] We answer in the affirmative.

The insurance company [insurer], defendant below, issued an automobile insurance policy to John O. Snethen [insured], plaintiff below, providing coverage against collision loss for his used 1978 Cadillac automobile. Shortly after the purchase the in-

---

1. The terms of 36 O.S.1981 § 3605 provide:
"A. No insurance contract on property or of any interest therein or arising therefrom shall be enforceable as to the insurance except for the benefit of persons having an *insurable interest* in the things insured.
B. '*Insurable interest*' as used in this section means *any* actual, *lawful,* and substantial economic *interest* in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.
C. The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof." [Emphasis added].

sured's car was involved in a collision with another vehicle. Before a claim for this damage came to be settled between the insurer and insured, the Oklahoma State Bureau of Investigation [OSBI] discovered that the car was a stolen vehicle. Neither the insured nor the insurer knew this before the accident. The OSBI then seized the car for its return to the rightful owner. The insurer subsequently refused to pay for the loss and the insured pressed his claim under the collision coverage of the policy. The trial court rendered summary judgment for the insurer. The Court of Appeals affirmed based on our opinion in *Ernie Miller Pontiac v. Home Insurance Co.*[2] which holds that a good-faith purchaser for value of a stolen vehicle does not have an insurable interest. We granted certiorari on the petition by the insured to reconsider our holding in *Ernie Miller Pontiac.* We now vacate the Court of Appeals' opinion and reverse the trial court's judgment.

 It is well settled that both the validity and enforceability of an insurance contract depend upon the presence of insurable interest in the person who purchased the policy.[3] Considerations underlying the insurable interest concept are generally articulated in terms of policy (1) against allowing wagering contracts under the guise of insurance,[4] (2) against fostering temptation to destroy the insured property in an effort to profit from it and (3) favoring limitation upon the sweep of indemnity contracts.[5]

Most forms of wager agreements were valid at common law. They were deemed enforceable until a series of statutes were passed to outlaw the use of insurance contracts to conduct wagers.[6] Wagering is re-garded as detrimental to society. It encourages the wagerer to affect by unnatural means the results of the contingent event and increases the insurer's risk of disproportionate indemnification to an insured who has no relationship to, or pecuniary interest in, the insured subject. The goal of insurance is to indemnify the insured for a loss encountered by the impairment of an interest in the subject. Wagerers suffer no such loss. They actually profit from the occurrence of the contingent event. It is for the purpose of placing a limit on the insurer's indemnification duty that the law undertook to require the insured to have an insurable interest.[7]

Public policy which favors suppression of temptation to destroy one's insured property underlies the law's requirement of an insurable interest.[8] If the insured has no interest in the property, he suffers no loss from its destruction but actually profits from it. The insurable interest concept tends to deter the temptation to destroy the property which is covered against the risk of loss.

While American jurisdictions generally agree with the public policy considerations that underly the necessity for an insurable interest, they stand divided on what constitutes an insurable interest. Two basic theories were evolved for measuring the nexus which must be present between the property and its insured for an insurable interest to attach.[9] The literature refers to one of these as the "legal interest" and to the other as the "factual expectation" theory.

Jurisdictions holding to the view that no insurable interest attaches to a stolen automobile in the hands of a good-faith purchas-

---

2. Okl., 534 P.2d 1 [1975].

3. 36 O.S.1981 § 3605(B), supra note 1; *Fireman's Fund Ins. Co. v. Cox,* 71 Okl. 97, 175 P. 493 [1918].

4. See Harnett and Thornton, "Insurable Interest in Property: A Socio-Economic Reevaluation of a Legal Concept", 48 Colum.L.Rev. 1162, 1178–1184 [1948]; *Skaff v. United States Fidelity and Guaranty Company,* 215 So.2d 35, 36 [Fla.App.1968].

5. Harnett and Thornton, supra note 4 at 1181–1184; *Castle Cars, Inc. v. United States Fire Insurance Company,* 221 Va. 773, 273 S.E.2d 793, 794 [Va.1981].

6. Harnett and Thornton, supra note 4 at 1178, footnote 92.

7. 36 O.S.1981 § 3605(B), supra note 1.

8. Harnett and Thornton, supra note 4 at 1181.

9. See note 33 A.L.R.3d 1417.

er found their conclusion upon the legal interest theory. Those states that adhere to this concept require that insurable interest be rested upon a *legally cognizable interest* in the property.[10] This view has its roots in Lord Eldon's opinion in *Lucena v. Craufurd*.[11] It was there stated that an interest is insurable only if it is a *legal* or *equitable* right enforceable either at law or in chancery.[12] This represents the strict approach to insurable interest.[13]

Those jurisdictions which allow the bona-fide owner of a stolen vehicle to recover follow the "factual expectation" theory. Under this theory there is an insurable interest in the property if the insured would gain some economic advantage by its continued existence or would suffer some economic detriment in case of its loss or destruction.[14] This theory—contrary as it is to the one espoused by Lord Eldon—also derives from *Lucena v. Craufurd*. It was expressed there in Lord Lawrence's separate opinion.[15] He believed that a person has an insurable interest if he stands in some relation to, or has concern in, the insured property which may be prejudiced by the happening of the events insured against. It was his view that the insured must be so circumstanced with respect to the insured subject-matter as to make him interested in its preservation.[16]

We are inclined to the view articulated by the courts adhering to the "factual expectation" test. An interest held in a stolen vehicle by its good-faith purchaser is by that test regarded as insurable.[17] Once the relationship between the insured and the property is found to be lawful and to create a substantial economic interest, the underlying criteria which make up an insurable interest are met. The insured does hence have a right to enforce the contract regardless of the property's legal status. In the case at bar, the substantial economic interest was created when the insured paid $6,500 for his car and, additionally, parted with his own vehicle as a trade-in. This pecuniary interest, coupled with the insured's undisputed lack of knowledge of the vehicle's stolen status, is adequately substantial. It suffices to negate any notion or intimation of a wager contract. Moreover, the transfer of such a substantial value cannot be viewed as encouraging the insured to destroy the vehicle in order to collect insurance proceeds. Because of the lost investment, indemnification will not amount here to a "profit".

While the insured doubtless does have substantial economic interest, more than that appears to be required. The terms of § 3605(B) explicitly call for an interest that is "lawful".

**10.** *Granite State Insurance Co. v. Lowe,* 362 So.2d 240, 241 [Ala.Civ.App.1978].

**11.** 2 Bos. & Pul. (N.R.) 269, 127 Eng.Rep. 630 [1806].

**12.** *Lucena v. Craufurd,* supra note 11, 2 Bos. & Pul. (N.R.) at 323, 127 Eng.Rep. at 651. Lord Eldon reasoned further that "[e]xpectation though founded on the highest probability, [is] not interest," and "if moral certainty be a ground of insurable interest, there are hundreds, perhaps thousands, who would be entitled to insure" the same property.

**13.** *Castle Cars, Inc. v. United States Fire Insurance Company,* supra note 5 at 794.

**14.** *Granite State Insurance Co. v. Lowe,* supra note 10 at 241. In construing statutory language identical to 36 O.S.1981 § 3605, the court in *Granite State Insurance Co. v. Lowe,* supra note 10, held the statute espoused the "factual expectation" theory of insurable interest.

**15.** 2 Bos. & Pul. (N.R.) 269, 302, 127 Eng.Rep. 630, 643.

**16.** *Castle Cars, Inc. v. United States Fire Insurance Co.,* supra note 5 at 794. See also *Harrison v. Fortlage,* 161 U.S. 57, 65, 16 S.Ct. 488, 490, 40 L.Ed. 616 [1896] where the Court stated, "It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself."

**17.** See e.g. *Granite State Insurance Co. v. Lowe,* supra note 10; *Skaff v. United States Fidelity & Guaranty Company,* supra note 4; *Reznick v. Home Insurance Company,* 45 Ill. App.3d 1058, 4 Ill.Dec. 525, 360 N.E.2d 461 [1977]; *Butler v. Farmers Insurance Company of Arizona,* 126 Ariz. 379, 616 P.2d 54 [Ariz. App.1980].

It is a general rule of law that no one can confer or transfer a better title than that which he has, unless some principle of estoppel should operate to bar an otherwise superior claim.[18] Neither can a person be divested of his property without his consent. While a good-faith purchaser under a defective title cannot hold against the true owner,[19] he does have lawful possession against all the rest of the world.[20] He is said to have a "qualified possessory right" in the property.[21]

In some jurisdictions a qualified possessory right meets the standards of an "actual lawful and substantial economic interest",[22] and is sufficient to create an insurable interest in the vehicle.[23] In *Ernie Miller Pontiac*,[24] we quoted with approval from two Georgia Court of Appeals cases [25] the principle that, while title is not the sole test for determining an insurable interest, there must be a special or limited interest, disconnected from any title, lien or possession, so that the holder of the interest will suffer loss from its destruction.[26] Bona fide possession of stolen property does not, under Georgia case law, meet the lawful interest test.[27] We believe that this approach is overly restrictive and does not serve the public interest. We now reject it.

For the purpose of determining an insurable interest under § 3605, it is necessary to make a distinction between "legal" and "lawful" interests. A substantial economic interest is insurable if it is "lawful" in the sense that it was not acquired in violation of law. As used in § 3605(B), the word "lawful" is not synonymous with "legal". A legal interest is enforceable against the whole world. A good-faith purchaser for value acquires an interest that is lawful and enforceable against all the world but the legal owner. Although it is only a qualified possessory interest, it is lawful and enforceable to a very large *extent*. Section 3605 allows *any lawful interest* to be insurable if the economic interest is substantial.[28] We hence hold that a good-faith purchaser for value of a stolen automobile has a substantial economic interest in the property which is lawful and must be treated as insurable under § 3605.

18. *Al's Auto Sales v. Moskowitz*, Okl., 203 Okl. 611, 224 P.2d 588, 591 [1950]. At common law this principle is known under the Latin maxim *nemo dat quod non habet* or just *nemo dat.* Milsom, Historical Foundations of the Common Law 331 [Butterworths 1969].

19. *Adkisson v. Waitman*, 202 Okl. 309, 213 P.2d 465, 467 [1950].

20. *Scarola v. Insurance Co. of North America*, 31 N.Y.2d 411, 340 N.Y.S.2d 630, 292 N.E.2d 776 [N.Y.App.1972]; *Phillips v. Cincinnati Insurance Co.*, 60 Ohio St.2d 180, 14 O.O.3d 413, 398 N.E.2d 564 [Ohio 1979]; *Webb v. M.F.A. Mutual Insurance Co.*, 44 Colo.App. 210, 620 P.2d 38, 39 [Colo.App.1980].

21. Vance, Handbook on the Law of Insurance, § 29 at p. 172; Professor Vance favors the "factual expectation" theory, supra at 172. See also *Duncan v. State Farm Fire & Casualty Co.*, 587 S.W.2d 375 [Tenn.1979]. The court in *Duncan* suggested the possibility that the good-faith purchaser has an insurable interest as a potential constructive bailee who might be held liable for the return of the destroyed property if the true owner should be able to locate it and make a demand for it.

22. 36 O.S. 1981 § 3605(B), supra note 1; see cases cited at footnote 20, supra.

23. See cases cited at footnote 17, supra.

24. See footnote 2, supra, 534 P.2d at 3.

25. *Gordon v. Gulf American Fire and Casualty Co.*, 113 Ga.App. 755, 149 S.E.2d 725 [Ga.App. 1966] and *Giles v. Citizens' Insurance Co. of Missouri*, 32 Ga.App. 207, 122 S.E. 890 [Ga.App.1924].

26. *Gordon v. Gulf American Fire and Casualty Co.*, supra note 25.

27. *Ernie Miller Pontiac*, supra note 2, 534 P.2d at 3.
 In *Ernie Miller Pontiac*, supra note 2, the Georgia cases were cited because the statutes are identical. The Oklahoma statute, 36 O.S.1981 § 3605, although similar to Georgia's, was modeled after A.R.S. § 20–1105 of the Arizona Insurance Code (§ 5 Art. II), enacted in 1954. Current Arizona case law reveals that the courts there adhere to the view that a bona fide purchaser of a stolen automobile has an interest sufficient to qualify as insurable. *Butler v. Farmers Ins. Co. of Arizona*, 126 Ariz. 371, 616 P.2d 46, 48 [Ariz.1980].

28. 36 O.S.1981 § 3605(B), supra note 1.

The insured established a lawful and substantial economic interest—innocently acquired—and covered it by insurance. His interest, which clearly meets the § 3605(B) criteria, is hence entitled to judicial protection.

Insofar as *Ernie Miller Pontiac* is in conflict with our pronouncement herein, it is no longer to be regarded as a correct exposition of the current law. Neither fairness nor any principle of public policy dictates that we give a purely prospective application to the change effected by today's decision. The insured should be allowed to reap the benefit of his successful challenge to the insurable interest test we now reject by this opinion. Our pronouncement today shall hence be given effect to this case and, prospectively, to all insurance losses occurring after mandate herein is issued.[29]

Summary judgment is reversed and cause remanded with directions to proceed further in a manner not inconsistent with the views expressed herein.

All Justices concur.

---

**29.** *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226, 1244, 78 A.L.R.3d 393, 416 [Cal.1975].